UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUDY JONES THOMAS | CIVIL ACTION NO. 06-0170 |
| versus | JUDGE HICKS |
| GENERAL MOTORS ACCEPTANCE CORPORATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Judy Jones Thomas ("Plaintiff") filed this complaint, without representation by an attorney, against General Motors Acceptance Corporation ("GMAC"). The complaint states that it is regarding a 2004 Pontiac Grand Prix, and it offers a summary of two recall notifications and asks the court for "judicial review" pursuant to Code Section 63-17-151. Plaintiff does not indicate whether the referenced section is from state or federal law, but the numbers match the Mississippi Motor Vehicle Warranty Enforcement Act found at Mississippi Code Annotated Section 63-17-151, et seq.

Before the court is GMAC's Motion to Dismiss and Alternatively Motion for More Definite Statement (Doc. 7). The Rule 12(b)(6) standard for assessing a motion to dismiss requires that all well-pleaded facts in the complaint be accepted as true, and dismissal is not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Conley v. Gibson, 78 S.Ct. 99 (1957). However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that

evidence on these material points could be introduced at trial.  <u>Rios v. City of Del Rio</u>, __ F.3d __, 2006 WL 759795, *2 (5th Cir. 2006).  A complaint that merely creates a suspicion that the plaintiff might have a cause of action is insufficient, and the court is not required to "conjure up unpled allegations or construe elaborately arcane scripts" to save a complaint.  <u>Id</u>.

Plaintiff has not filed any timely opposition to the motion to dismiss or attempted to amend her complaint to clarify her allegations.  The complaint alleges that there have been two recall notices for a car but that does not, as a matter of law, give rise to any cause of action.  The complaint states that it is "regarding Defective Auto, Breach of Warranty, Breach of Motor Vehicle Warranty Act, Breach of Magnuson-Moss Act, and Punitive damages."  The complaint does not, however, provide adequate facts to determine how those claims are associated with the Grand Prix mentioned in the complaint.  Plaintiff does not even allege that she owns the Grand Prix, and she does not explain how she has claims against GMAC (which represents that it merely finances and does not manufacture vehicles).  Plaintiff does pray for an award of medical bills and other damages and complains of a "failure to notify plaintiff early enough for prevent (sic) measures that plaintiff could have acted upon for her safety, " which could possibly be read to loosely imply that some defect in the car caused an accident, but if that were Plaintiff's intended allegation it would have been quite simple for her to say so directly.

Plaintiff has filed a bare bones complaint that is not capable of a reasonable interpretation to support a viable cause of action.  A motion has been filed that challenges the viability of the complaint and asks, in the alternative to dismissal, that Plaintiff be ordered to amend her complaint and clarify its purported basis.  In response to that direct challenge, Plaintiff has filed *nothing*.  Under those circumstances and considering the aspects of the complaint discussed above, dismissal is warranted.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss and Alternatively Motion for More Definite Statement (Doc. 7)** be **granted** by dismissing Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 21st day of April, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE